**Carlyne CAMPBELL, Plaintiff-Appellant,**

**v.**

**The SEABURY PRESS and Will D. Campbell, Defendants-Appellees.**

**No. 79–3072**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1980.

Hare, Wynn, Newell & Newton, Stephen D. Heninger, Birmingham, Ala., for plaintiff-appellant.

Bradley, Arant, Rose & White, Linda A. Friedman, Birmingham, Ala., Patterson, Belknap, Webb & Tyler, Rudolph W. Giuliani, Renee L. Cohen, New York City, for Seabury Press.

Woods & Woods, James N. Bryan, Jr., Willis & Knight, Alfred H. Knight, III, Barrett, Lenahan, Kniffen & Ray, George E. Barrett, Nashville, Tenn., for Will D. Campbell.

Before CHARLES CLARK, VANCE, and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Carlyne Campbell brought this action for libel and invasion of privacy against Will D. Campbell, author of "Brother to a Dragonfly," and the Seabury Press, publisher of the book. The plaintiff claims that the essence of the entire book is defamatory to her, that two specific passages of the book are libelous per se, and that various disclosures in the book constitute a tortious invasion of privacy. The district court found that neither the book as a whole nor either of the two specified passages is capable of a defamatory meaning and dismissed the plaintiff's libel claims. Additionally, the district court found that disclosures in the book challenged in the invasion of privacy claim are protected by a "public interest privilege . . . mandated by the First Amendment." Accordingly, the district court granted the defendants' motions for summary judgment on the invasion of privacy claim.

On this appeal, Carlyne Campbell argues that the district court erred in dismissing the libel claims and in granting the defendants summary judgment on the invasion of privacy claim. The district court correctly dismissed the plaintiff's libel claims. That portion of the judgment appealed from is affirmed on the basis of the district court's memorandum of opinion filed August 14, 1979 (N.D.Ala.1979). Additionally, because of the analysis that follows, we affirm the remaining portion of the district court's judgment that granted summary judgment for the defendants on the invasion of privacy claim.

The autobiography, "Brother to a Dragonfly," concerns the life of a contemporary religious and civil rights leader. It develops as a major theme the fraternal affection between the author and his older brother,

Joseph. The book demonstrates the major role Joseph played both in the author's religious maturation and his involvement in civil rights activities. The challenged disclosures regarding the plaintiff's homelife and marriage to Joseph are included in the autobiography in the context of her relationship with Joseph and the impact of that relationship on the author. The book contains no mention of the plaintiff until shortly before her marriage to Joseph and makes no reference to her after their divorce.

The first amendment mandates a constitutional privilege applicable to those torts of invasion of privacy that involve publicity. *See Cox Broadcasting Corp. v. Cohn,* 420 U.S. 469, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975); *Cantrell v. Forest City Publishing Co.,* 419 U.S. 245, 95 S.Ct. 465, 42 L.Ed.2d 419 (1974); *Time, Inc. v. Hill,* 385 U.S. 374, 87 S.Ct. 534, 17 L.Ed.2d 456 (1967). *See also* W. Prosser, Handbook of the Law of Torts § 118, at 827 (4th ed. 1971). This constitutional privilege clearly applies to the tort charged in this action: the public disclosure of private facts. *Cox Broadcasting Corp. v. Cohn,* 420 U.S. at 489, 95 S.Ct. at 1043, 43 L.Ed.2d at 345. This broad constitutional privilege recognizes two closely related yet analytically distinct privileges. First is the privilege to publish or broadcast facts, events, and information relating to public figures. Second is the privilege to publish or broadcast news or other matters of public interest. *See Smith v. Doss,* 251 Ala. 250, 253, 37 So.2d 118, 120 (1948). The inquiry in determining the applicability of the first privilege focuses on the person to whom the publicity relates and asks whether the individual either by assuming a role of special prominence in the affairs of society or by thrusting himself to the forefront of a particular public controversy in order to influence the resolution of the issues involved has become a public figure. In contrast, the inquiry in determining the applicability of the second privilege focuses on the information disclosed by publication and asks whether truthful information of legitimate concern to the public is publicized in a manner that is not highly offensive to a reasonable person. This lat-

ter privilege is not merely limited to the dissemination of news either in the sense of current events or commentary upon public affairs. Rather, the privilege extends to information concerning interesting phases of human activity and embraces all issues about which information is needed or appropriate so that individuals may cope with the exigencies of their period. *See generally Time, Inc. v. Hill,* 385 U.S. at 388, 87 S.Ct. at 542, 17 L.Ed.2d at 467; *Thornhill v. Alabama,* 310 U.S. 88, 102, 60 S.Ct. 736, 744, 84 L.Ed. 1093, 1102 (1940). The ambit of protection offered by the second privilege often encompasses information relating to individuals who either have not sought or have attempted to avoid publicity. *See* W. Prosser, *supra* at 825–26. The privacy of such individuals is protected, however, by requiring that a logical nexus exist between the complaining individual and the matter of legitimate public interest. *See id.* at 826.

In this action, the plaintiff argues that the defendants tortiously invaded her privacy by including in the autobiography private facts relating to her homelife and marriage with the author's brother, Joseph Campbell. On appeal, the plaintiff does not allege that the private facts as presented in the book are untrue. Neither does she contend that the book is without legitimate public interest. Rather she argues that no logical nexus exists between the matters of legitimate public interest and her homelife and marriage to Joseph Campbell to justify the inclusion of the challenged material in "Brother to a Dragonfly." A review of the record in this action clearly shows the requisite logical nexus. An account of the author's close association with his older brother certainly is appropriate in the autobiography. Likewise, accounts of his brother's marriage as they impacted on the author have the requisite logical nexus to fall within the ambit of constitutional protection. Accordingly, the district court properly granted the defendants' motions for summary judgment on the invasion of privacy claim.

Because of the foregoing analysis, we need not consider whether the plaintiff is a public figure for the purpose of the constitutional privilege. *See generally Wolston v. Reader's Digest Association, Inc.,* 443 U.S. 157, 99 S.Ct. 2701, 61 L.Ed.2d 450 (1979); *Hutchinson v. Proxmire,* 443 U.S. 111, 99 S.Ct. 2675, 61 L.Ed.2d 411 (1979); *Time, Inc. v. Firestone,* 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976); *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

The judgment appealed from is affirmed.

AFFIRMED.